the front door bell. On three occasions within two weeks the pump broke down, and the water from the tank had to be used sparingly, on one occasion the supply stopping completely for an hour and a half. The lighting of the back stairs was frequently neglected, and on one occasion the fixtures were removed for two days. On one occasion the janitor neglected to receive an important package from the druggist, and on one or more occasions compelled the milkman to leave the milk outside, and frequently sent the dumb-waiter up to the apartment with coal while the family was at breakfast, and persistently rang the bell until the coal was taken off. It would probably be difficult to find in the annals of housekeeping—whether in a whole house or in an apartment—any case in which the family has not experienced, as ordinary incidents of housekeeping, quite as much inconvenience as the defendant here complained of. The service which the landlord agreed to furnish could not be expected with unvarying regularity and precision. It was to be supplied by means of ordinary domestic service, and the question whether the contract was performed is to be determined by reasonable rules. If there was genally a substantial performance, and no evidence of an intent not to perform, or of a continuous failure to perform, then omissions which are not in their nature both serious and persistent will not prevent a recovery. The inconveniences experienced by the defendant in this case were ordinary in their character, and fall far short of what may be deemed a deprivation of his beneficial enjoyment of the premises.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(22 Misc. Rep. 327.)

### LEVINSON v. SEYBOLD MACH. CO.

(Supreme Court, Appellate Term. January 17, 1898.)

1. SALE—WAIVER OF CONDITIONS.

    In an action to recover the price of a second-hand machine sold by plaintiff to defendant, it appeared that the agreement was that the defendant was to pay for the machine 30 days after putting it in perfect order, at plaintiff's expense, by placing it in defendant's establishment, and having it tried, to see if it worked satisfactorily. It also appeared that defendant did not put it in perfect order, but within a few days after receiving it sold it to a third party, and upon its return by the latter, after about five weeks, notified plaintiff. *Held*, that the facts clearly constituted a waiver of all rights against the plaintiff, and an election to accept the machine as it was.

2. EVIDENCE—SELF-SERVING DECLARATIONS.

    The mere fact that one party to a controversy has sent to the other a writing containing a statement of his own version of the facts, does not authorize him to introduce the writing as evidence of the facts, in an action between them arising out of the controversy.

Appeal from First district court.

Action by Meyer Levinson against the Seybold Machine Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Sidney J. Cowan, for appellant.

Louis W. Stotesbury and Shaw, Baldwin & Stotesbury, for respondent.

DALY, P. J.  This action was brought for the price of a second-hand book-binding machine sold by the plaintiff to the defendant. The defense was a general denial; but the defendant was allowed on the trial to prove that the machine was not in perfect order at the time of the sale, and that an agreement was then made between the plaintiff and the defendant's agent, Elmendorf, who made the purchase, that the defendant was to take the machine, and put it in perfect order, at the expense of the plaintiff, who was to furnish the necessary parts for that purpose; and that the terms of payment, according to Elmendorf's testimony, were to be "thirty days after the machine was put in perfect order by placing it in our [defendant's] establishment, and having it tried, and see if it works satisfactorily."  Evidence was given on defendant's behalf to show that the machine could not be put in perfect order under the cost of a new one, and plaintiff's claim was resisted on these facts.  The defendant established by its own evidence that it had a duty to perform under the agreement as thus set up, namely, to put the machine in perfect order at plaintiff's expense, and to keep it in its establishment for 30 days, to try it, and see if it worked satisfactorily; and this agreement, it was also established by defendant's own evidence, it wholly failed to perform.  When it received the machine, it bought several parts for it, "as few as possible, as long as we did not want to go into expense," and it was not put in perfect order, because the defendant "put in as few parts as necessary."  While it was in this state, and within five or six days after the defendant received it, it was sold by the latter to a party in Newark with the privilege of returning it in 30 days if not satisfied.  It was returned in about five weeks, and notice was given to the plaintiff.  Upon this state of facts the plaintiff was clearly entitled to recover.  The defendant would have been fully protected by its agreement if it had performed its part; but this it did not attempt to do.  It was bound to put the machine, if possible, in perfect condition, and to keep it in its place on trial for 30 days, and then to return it if it could not be put in perfect order. Instead of doing so, it sold the machine in less than a week, in its alleged imperfect condition.  This was a clear waiver of all right to have the machine made perfect, and to a trial of it, and to the return of it, if unsatisfactory; and was an unquestionable election to accept the machine in its then condition.  All rights against the plaintiff under the agreement were waived in order to obtain the advantage of the sale to the Newark purchaser; and, having thus elected to accept the machine, and waive the benefit of the agreement, that agreement cannot be interposed to the plaintiff's recovery.

With respect to exceptions appearing upon the record, it should be noted that the defendant was allowed to put in evidence its own written statement of its version of the agreement contained in a written order on the plaintiff for the delivery of the machine after the sale. This method of making evidence by its own letters is not permissible. Waring v. Telegraph Co., 4 Daly, 233.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.  All concur.